Entered on Docket
June 11, 2008

_____
Hon. Linda B. Riegle
United States Bankruptcy Judge
_____

Stephanie L. Cooper, Esquire
Nevada Bar No. 5919
THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm
820 South Valley View Blvd.
Las Vegas, NV 89107
(702) 435-4175/(702) 435 4181 (facsimile)
yvette@ccfirm.com
Loan No. 2981789 / Our File No. 08-04-1751

Attorney for Secured Creditor
Wells Fargo Bank, NA, successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In re: | |
|---|---|
| TOM D. STUMBO | CHAPTER 13<br>BANKRUPTCY NO.: 05-27478-LBR<br>DATE: May 07, 2008 |
| Debtor(s) | TIME: 10:00 AM<br>MOTION NO.: |

### ORDER FOR ADEQUATE PROTECTION AND TERMINATION OF AUTOMATIC STAY UPON NON-PAYMENT

THIS MATTER HAVING come on for Hearing on May 07, 2008 in the above-referenced Court, before the Honorable Linda B. Riegle, United States Bankruptcy Judge, Michael W. Chen, Esq. of THE COOPER CASTLE LAW FIRM attorneys of record for Secured Creditor, having appeared and TOM D. STUMBO appearing through Daniel Rickert, Esq., and this Court being fully advised on the premises, and good cause appearing;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Secured Creditor acknowledges receipt of Cashier Check No. 010268, for the total amount of $1,116.79. Said payment represents the May 2008 monthly post petition payment on Secured Creditor's 1st Trust Deed obligation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that DEBTOR(S) shall maintain regular monthly post-petition payments on Secured Creditor's 1st Trust Deed obligation, encumbering the subject Property, generally described as 5121 Lydfort Court North Las Vegas, Nevada 89030 ("Property" herein) and legally described as follows:

> LOT SEVENTY-EIGHT (78) IN BLOCK THREE (3) OF SOMERSET ESTATES 1 PHASE-1, AS SHOWN BY MAP THEREOF ON FILE IN BOOK 57 OF PLATS, PAGE 82, IN THE OFFICE OF THE COUNTY RECORDER, CLARK COUNTY, NEVADA

in a timely fashion, commencing with the June 1, 2008 payment, and continuing thereafter on the first day of each month. Payments are due on the 1st day of each month. Said payments shall be made directly to Wells Fargo Bank, One Home Campus, BK Payment Processing, MAC #X2302-045, Des Moines, IA 50328.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that TOM D. STUMBO shall make additional payments to the above referenced address in the amount of $1,093.77 each, commencing June 20, 2008 and continuing for six (6) months until the post-petition arrearages owing on Secured Creditor's 1st Trust Deed are cured. A definition of said arrearages are detailed in the table listed below:

| | |
|---|---|
| 5 monthly payments at $1,116.79 | $5,583.95 |
| December 2007 through April 2008 | |
| Accrued Late Charges | $178.68 |
| Filing Fee | $150.00 |
| Post-Petition Attorney Fees | $650.00 |

     Total Post-Petition Arrearage        $6,562.63

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Debtor shall pay into the plan **on time** and must **remain current** as previously directed by the Trustee.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all actions taken by the Secured Creditor's in regards to the statutory remedies afforded under State Foreclosure Statutes are in full force and effect until Secured Creditor's Proof of Claim is paid in full.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event that the Debtor fails to comply with the regular monthly or stipulated payments ordered above, Secured Creditor shall send to the Debtor a written notice of default to TOM D. STUMBO at 5121 Lydfort Court, North Las Vegas, Nevada 89030 with a copy sent to the Debtors counsel Daniel Rickert, Esq., located at 1118 E. Carson Avenue, Las Vegas, NV 89101, stating that the Debtor shall have ten (10) days to cure. An additional attorney's fee of $100.00 will be incurred for each notice of default. In the event that the Debtor fails to timely cure said default of payments after ten the (10) day period has expired, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately extinguished for all purposes as to Secured Creditor, Wells Fargo Bank, NA, successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc., its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale on the subject property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property. Upon dispostion of collateral, Secured Creditor will amend or delete its Proof of Claim and provide Trustee with the notice of same.

  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event case converts to a Chapter 7 proceeding the Secured Creditor will issue the same written notice as stated above for the total arrears to include pre-petition debt (if any should remain) that would

have been paid through the former Chapter 13 Plan which Debtor will be given the same ten (10) day period to cure. In the event Debtor fails to cure said arrears after the ten (10) day period has expired, Secured Creditor shall submit an Ex Parte Order Terminating the Automatic Stay. Upon entry of the Ex Parte Order, the Automatic Stay shall be immediately extinguished for all purposes as to the Secured Creditor, Wells Fargo Bank, NA, successor by merger to Wells Fargo Home Mortgage, Inc. fka Norwest Mortgage, Inc., its assignees and/or successors in interest, may proceed with a foreclosure of and hold a Trustee's Sale on the subject property, pursuant to applicable state law, and commence any action necessary to obtain complete possession of the subject Property.

Submitted by:

THE COOPER CASTLE LAW FIRM
A Multi-Jurisdictional Law Firm

By: _____ Date: _____
Stephanie L. Cooper, Esq.
Attorney for Secured Creditor
Wells Fargo Bank, NA, successor by merger to Wells Fargo Home Mortgage, Inc.
fka Norwest Mortgage, Inc.

APPROVED/DISAPPROVED

By: _____ Date: _____
Daniel Rickert, Esq.
Attorney for TOM D. STUMBO

APPROVED/DISAPPROVED

By: _____ Date: _____
Kathleen A. Leavitt
Standing Trustee

ALTERNATIVE METHOD re: RULE 9021:

In accordance with Local Rule 9021, the undersigned certifies:

\_\_\_\_The court has waived the requirement of approval under LR 9021.

\_\_\_\_No parties appeared or filed written objections, and there is no trustee appointed in the case.

_X_ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and any trustee appointed in this case, and each has approved or disapproved the order, or failed to respond as indicated below:

        Daniel Rickert - approved

        Kathleen Leavitt - approved

                ###